UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SHOTSPOTTER, INC., and THE JOHNS
HOPKINS UNIVERSITY,

                Plaintiffs,

v.

SAFETY DYNAMICS, INC.,

                Defendant.
---------------------------------------------------------x

09cv7828(GBD)
<u>CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING ORDER</u>

*[Stamp: USDC SDNY, DOCUMENT, ELECTRONICALLY FILED, DOC #:, DATE FILED: 19 JAN 2010]*

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of civil Procedure.

1. Except with the consent of all parties, no Additional parties may be joined after **March 4, 2010**.

2. No amendment to the pleadings will be permitted after **March 4, 2010**.

3. Pretrial Pleadings and Disclosures

    A. The parties shall present a stipulated protective order for the Court's consideration on or before **January 28, 2010**.

    B. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 16, 2010**.

    C. Unless otherwise ordered by the Court, the parties' contentions and responses shall have the same binding effect on a party as a response to an interrogatory made under Rule 33 of the Federal Rules of Civil Procedure.

    D. Plaintiff(s) shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before **March 12, 2010**, which shall contain the following information:

        i. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

        ii. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality

1

     ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

iii. A Plaintiff's Claim Chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

iv. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer(s) that contribute to or that are inducing direct infringement, including a description of the role of each relevant party if direct infringement is based on the joint acts of multiple parties;

v. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

vi. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

vii. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

viii. If a party claiming patent infringement alleges wilfull infringement, the specific factual basis for such allegation, including identification of all persons acting willfully and identification of all documents and all information supporting the claim of willful infringement and

2

    ix. With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

        a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

        b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date;

        c. A copy of the file history for each patent in suit; and

        d. All documents evidencing ownership of the patent rights by the party asserting patent infringement.

    The producing party shall separately identify by production number which documents correspond to each category.

E. Defendant(s) shall serve Preliminary Invalidity Contentions on or before **April 12, 2010**.

    i. Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information:

        a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was

3

made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

    b. Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified;

    c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

ii. With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying a copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

The producing party shall separately identify by production number which documents correspond to each category.

F. The parties shall simultaneously exchange lists of claim terms, phrases, or clauses which they contend should be construed by the court and identify any claim element which they contend should be governed by 35 U.S.C 112(6) on or before _____ [*Plaintiffs propose April 30, 2010 / Defendant proposes May 11, 2010*]. The parties shall thereafter meet and confer for the purposes of finalizing these lists, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

4

G. The parties shall disclose the name, address, and vita of each expert witness whom they intend to use in support of their Markman brief and/or call at the Markman hearing on or before _____ [*Plaintiffs propose May 20, 2010 / Defendant proposes June 15, 2010*]. If a party discloses an expert witness on this deadline, any party that did not identify an expert witness on this deadline may disclose the name, address and vita of an expert witness whom they intend to use in support of their Markman brief and/or call at the Markman hearing on or before _____[*Plaintiffs propose May 25, 2010 / Defendant proposes July 6, 2010*].

H. On or before _____ [*Plaintiffs propose May 20, 2010 / Defendant proposes July 20, 2010*], the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. By the same date, the parties also shall provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient or expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not produced. With respect to any percipient witness, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

I. Within 10 days after service of the statements of preliminary claim construction,, the parties shall meet and confer to discuss issues relating to claim construction. During this meeting, the parties shall confer such number of times as may be necessary or appropriate for the purposes of narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction Statement.

J. If plaintiffs identified a Markman expert, plaintiffs shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before _____ [*Plaintiffs propose June 29, 2010 / Defendant proposes August 17, 2010*].

K. If defendant(s) identified a Markman expert, defendant(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after plaintiff(s) serves its expert witness disclosure; or if none, defendant(s) shall make its expert

5

disclosures on or before _____ [*Plaintiffs propose July 29, 2010 / Defendant proposes September 15, 2010*].

L. The parties shall file a Joint Claim Construction Statement on or before [*Plaintiffs propose August 9, 2010 / Defendant proposes October 12, 2010*], if a Markman expert is identified, or no later than _____ [*Plaintiffs propose June 18, 2010 / Defendant proposes August 17, 2010*], if a Markman expert is not identified. The Joint Claim Construction Statement shall contain the following information:

   i. The construction of those terms on which the parties agree;

   ii. Each party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that supports that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses including experts;

   iii. An identification of the terms that each of the parties contend (i) would require a disposition of the case in its favor and/or (ii) will be substantially conducive to promoting settlement. For any such terms, each of the parties shall also include a brief statement, not to exceed one page, supporting or refuting the contention that the construction of those terms will be dispositive or promote settlement. The Court may, at its option, solicit additional briefing regarding the dispositive nature of any terms prior to the Markman Hearing or upon issuing its claim constructions.

   iv. The anticipated length of time necessary for the Markman Hearing;

   v. Whether any party proposes to call one or more witnesses at the Markman Hearing, the identity of each such witness, and for each witness a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that witness; and

   vi. A list of other issues that might appropriately be taken up at a prehearing conference prior to the Markman Hearing and, if not previously set, proposed dates for any such prehearing conference.

- M. A settlement conference before the assigned magistrate judge or, if the parties prefer, private mediation, will be held approximately **30 days** after the parties file the Joint Claim Construction Statement.

- N. Parties may provide Court with written or electronic tutorials concerning technology involved in patent in issue on or before _____ [*Plaintiffs propose August 9, 2010, if a Markman expert is identified, or no later than June 18, 2010, if a Markman expert is not identified / Defendant proposes November 23, 2010, if a Markman expert is identified, or no later that September 15, 2010, if a Markman expert is not identified*].

- O. Markman Briefing

    i. The plaintiff(s) shall file an opening *Markman* brief on or before _____ [*Plaintiffs propose August 30, 2010 / Defendant proposes December 4, 2011*] if a *Markman* expert is identified or no later than _____ [*Plaintiffs propose July 9, 2010 / Defendant proposes October 12, 2010*] if a *Markman* expert is not identified. The defendant(s) shall file its *Markman* brief 28 days later. The plaintiff(s) shall file a reply brief 7 days later.

    ii. The parties should anticipate that a Markman hearing will be held on _____ if a Markman expert is identified or on _____ if a Markman expert is not identified.

- P. Each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall: (i) Produce the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and (ii) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection. This will be completed no later than **30 days** after the court's Markman decision. A party opposing a claim of patent infringement who does not comply with these requirements shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which shall be entered only upon a showing of good cause.

- Q. A party claiming patent infringement may serve "Final Infringement Contentions" that amend its Preliminary Infringement Contentions if that party in good faith believes that

7

the court's Claim Construction Ruling or the documents produced by the other part(ies) during the course of discovery so require. These shall be filed within **30 days** after the court's Markman decision. Additional or different claims or contentions respecting the patent(s) in suit may not be asserted without obtaining leave from the Court for good cause shown.

R. Plaintiffs shall serve (but not file with the court) no later than 30 days after the court's Markman decision a statement of damages to be sought at trial, if any, identifying specifically all supporting documents and information on which the claim for damages is based, and make a settlement demand. Defendant(s) shall serve (but not file with the court) a response thereto within **30 days** after receipt of the demand.

S. All parties shall file and serve their final witness and exhibit lists no later than _____ days [*Plaintiffs propose 30 days / Defendant proposes 60 days*] after the court's Markman decision. These lists shall be updated (narrowed) every **30 days** until trial witness lists are filed. The final witness lists shall include a brief description of each witness' anticipated testimony and certification by counsel that each witness has either been deposed in this action or interviewed by counsel. No later than **60 days** after the court's Markman decision each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: (i) a party claiming patent infringement has served "Final Infringement Contentions," or (ii) the party opposing a claim of patent infringement believes in good faith that the court's Claim Construction Ruling so requires. With the Final Invalidity Contentions, the party asserting invalidity of any patent claim shall produce or make available for inspection and copying a copy or sample of all prior art identified therein to the extent not previously produced. If any such item is not in English, and English translation of the portion(s) relied upon shall be produced.

T. The Plaintiff may serve "Final Validity and Enforceability Contentions" in response to Defendant's "Final Invalidity Contentions" no later than **30 days** after service of the "Final Invalidity Contentions."

U. Absent exceptional circumstances, no party may file a motion to stay the lawsuit pending reexamination in the U.S. Patent Office after the due date for service of that party's Final Contentions.

V. Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity

8

   Contentions, other than as expressly permitted herein, may be made only by order of the court, which shall be entered only upon a showing of good cause.

   W. Unless otherwise ordered by the Court, all fact discovery shall be completed within 150 days of the court's Markman decision.

   X. Within **180 days** after the court's Markman decision the parties bearing the burden of proof on a particular issue shall disclose the name, address, and vita of each expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B).

   Y. Within 210 **days** after the court's Markman decision the parties not bearing the burden of proof on a particular issue shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B).

   Z. All expert discovery shall be completed within 240 days after the court's Markman decision.

   AA.   The completion dates for fact discovery and expert discovery shall not be adjourned except upon a showing of extraordinary circumstances.

   BB.   Any party who believes that bifurcation at trial is appropriate with respect to any issue or claim shall file a motion to that effect by not later than **120 days prior to trial**; responses shall be filed **within 14 days**; replies shall be filed **within 7 days**.

   CC.   Any motions to exclude or limit expert testimony at trial (*Daubert* motions) shall be filed on or before **120 days prior to trial**; responses shall be filed **within 14 days**; replies shall be filed **within 7 days**.

4. All post-Markman dispositive motions shall be filed on or before **10 days** after the scheduled date for the end of all discovery. Answering papers shall be filed within **21 days thereafter**. Reply papers are to be filed within **seven (7) days** thereafter. In the event such a dispositive motion is made, the date for submitting the Joint Pretrial Order shall be changed from that shown herein to three (3) weeks from the decision on the motion. The final pretrial conference shall be adjourned to a date four (4) weeks from the decision on the motion.

5. A final pretrial conference will be held on _____ at 9:30 a.m.

6. The **Joint Pretrial Order** shall be filed no later than _____. The requirements for the pretrial order and other

9

pretrial submissions shall be governed by the Court's Individual Rules of Practice.

7. **All motions and applications** shall be governed by the Court's Individual Rules of Practice.

8. The parties shall be **ready for trial** within 72 hours notice on or after _____. The estimated trial time is _____ days, and this is a jury trial.

9. The Next Case Management Conference will be held on April 8, 2010 at 9:30 a.m [*The parties request April 20, 2010*].

Dated: _____, 2010
New York, New York

SO ORDERED:  **19 JAN 2010**

*George B. Daniels*
HON. GEORGE B. DANIELS
United States District Judge

_____
Mario Aieta
Attorney for Plaintiff

Norman Soloway
Attorney for Defendant

10