UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SHOTSPOTTER, INC. and THE JOHNS HOPKINS UNIVERSITY, | CIVIL ACTION NO.: 09-cv-7828 |
| Plaintiffs/Counterclaim Defendants, | **DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AND DEFENDANT'S COUNTERCLAIMS, WITH JURY DEMAND ENDORESED HEREON** |
| v. | |
| SAFETY DYNAMICS, INC., | |
| Defendant/Counterclaim Plaintiff. | **Honorable George P. Daniels** |

NOW COME Defendant and Counterclaim Plaintiff, Safety Dynamics, Inc. (hereinafter "SDI"), answering the Second Amended Complaint filed by Shotspotter, Inc. and The Johns Hopkins University (hereinafter collectively "Plaintiffs" or "Shotspotter") and adopting by reference in each Defense the averments in each other Defense, avers as follows:

## FIRST DEFENSE

### Parties

1.     Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Second Amended Complaint.

2.     Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Second Amended Complaint.

3.     Defendant SDI admits the allegations of paragraph 3 of the Second Amended Complaint, except that SDI is headquartered at 3845 North Business Center Drive, Suite 115, Tucson, Arizona 85705.

### Jurisdiction and Venue

4.      The allegations of paragraph 4 of the Second Amended Complaint constitute a legal conclusion requiring no response, but if response were required, SDI denies the allegations.

5.      SDI admits that subject matter jurisdiction exists by reason of Shotspotter's assertion of patent infringement claims in the First and Second Causes of Action, but otherwise the allegations of paragraph 5 of the Second Amended Complaint constitute a legal conclusion requiring no response.

6.      SDI does not dispute personal jurisdiction, but otherwise denies the allegations of paragraph 6 of the Second Amended Complaint.

7.      SDI does not dispute venue, but the allegations of paragraph 7 of the Second Amended Complaint constitute a legal conclusion requiring no response.

### The Patents

8.      Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Second Amended Complaint.

9.      Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Second Amended Complaint.

10.      Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Second Amended Complaint.

11.      Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Second Amended Complaint.

2

12.     Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Second Amended Complaint.

13.     Defendant SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Second Amended Complaint.

### (First Cause of Action)

### Allegations concerning the '865 patent

14.     Defendant SDI adopts and incorporates by reference the admissions, denials, and allegations of paragraphs 1-13 above.

15.     The allegations of paragraph 15 of the Second Amended Complaint constitute a legal conclusion requiring no response.

16.     SDI admits that it has described a "gun shot detection system" in proposals submitted to potential customers in this judicial district and elsewhere, but denies the remaining allegations of paragraph 16 of the Second Amended Complaint.

17.     SDI denies the allegations of paragraph 17 of the Second Amended Complaint.

### (Second Cause of Action)

### Allegations concerning the '541 Patent

18.     Defendant SDI adopts and incorporates by reference the admissions, denials, and allegations of paragraphs 1-17 above.

19.     The allegations of paragraph 19 of the Second Amended Complaint constitute a legal conclusion requiring no response.

20.     SDI admits that it has described a "gun shot detection system" in proposals submitted to potential customers in this judicial district and elsewhere, but denies the remaining allegations of paragraph 20 of the Second Amended Complaint.

21.     SDI denies the allegations of paragraph 21 of the Second Amended Complaint.

### (Third Cause of Action)

### Allegations concerning § 43(a) of the Lanham Act

22.     Defendant SDI adopts and incorporates by reference the admissions, denials, and allegations of paragraphs 1-21 above.

23.     SDI admits that it offers a gun shot detection system that is different from the system offered by Plaintiffs, and in certain delineated instances vies for some of the same types of projects as do Plaintiffs, but otherwise denies the allegations of paragraph 23 of the Second Amended Complaint.

24.     SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Second Amended Complaint.

25.     SDI admits that a gun shot detection system may preferably provide reasonably reliable detection over a relevant monitored area, which area may vary depending upon the needs of the customer and the parameters of the system, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Second Amended Complaint.

26.     SDI admits that it has distributed certain materials to potential municipal law enforcement customers containing information regarding suitable gun shot detection

4

systems and components, but denies making any materially false statements and denies the remaining allegations of paragraph 26 of the Second Amended Complaint.

27.     SDI denies making any materially false statements and denies all other allegations of paragraph 27 of the Second Amended Complaint.

28.     SDI denies making any materially false statements and denies all other allegations of paragraph 28 of the Second Amended Complaint.

29.     SDI admits that it has distributed certain materials to potential municipal customers describing goods and services of a type generally offered by SDI, but denies making any materially false statements and denies the remaining allegations of paragraph 29 of the Second Amended Complaint.

30.     SDI denies the allegations of paragraph 30 of the Second Amended Complaint.

31.     SDI denies the allegations of paragraph 31 of the Second Amended Complaint.

32.     SDI admits that it has distributed certain materials and made certain oral statements to potential customers, and admits that it has offered and sold its products to municipal law enforcement customers, but denies making any literally false statements, denies making any materially false statements, and denies the remaining allegations of paragraph 32 of the Second Amended Complaint.

33.     SDI denies the allegations of paragraph 33 of the Second Amended Complaint.

34.     SDI denies the allegations of paragraph 34 of the Second Amended Complaint.

## (Fourth Cause of Action)

### Allegations concerning § 43 of the Lanham Act

35.     Defendant SDI adopts and incorporates by reference the admissions,

denials and allegations of paragraphs 1-34 above.

36.     SDI admits to paragraph 36 of the Second Amended Complaint.

37.     SDI admits to paragraph 37 of the Second Amended Complaint.

38.     SDI admits to paragraph 38 of the Second Amended Complaint.

39.     SDI denies the allegations of paragraph 39 of the Second Amended

Complaint.

40.     SDI denies the allegations of paragraph 40 of the Second Amended

Complaint.

41.     SDI denies the allegations of paragraph 41 of the Second Amended

Complaint.

42.     SDI denies the allegations of paragraph 42 of the Second Amended

Complaint.

43.     SDI denies the allegations of paragraph 43 of the Second Amended

Complaint.

44.     SDI denies the allegations of paragraph 44 of the Second Amended

Complaint.

## (Fifth Cause of Action)

### Allegations concerning Unfair Competition under New York Law

45.     Defendant SDI adopts and incorporates by reference the admissions,

denials and allegations of paragraphs 1-44 above.

46.     SDI denies the allegations of paragraph 46 of the Second Amended Complaint.

47.     SDI denies the allegations of paragraph 47 of the Second Amended Complaint.

48.     SDI denies the allegations of paragraph 48 of the Second Amended Complaint.

49.     SDI denies the allegations of paragraph 49 of the Second Amended Complaint.

50.     SDI denies each and every allegation of the Second Amended Complaint not expressly hereinabove admitted to be true.

## AFFIRMATIVE DEFENSES

## SECOND DEFENSE – FAILURE TO STATE A CLAIM

51.     The Second Amended Complaint fails to state a claim upon which relief may be granted, and in particular fails in multiple respects to meet the applicable pleading standards governing this proceeding.

## THIRD DEFENSE – NON INFRINGEMENT

52.     SDI does not infringe and has not directly or indirectly infringed, or contributorily infringed, or induced infringement of, any valid claim of the '865 or '541 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

## FOURTH DEFENSE – INVALIDITY

53.     Plaintiff Shotspotter's claims alleging infringement of the '865 and '541 patents are barred because each and every claim of the patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not

7

limited to Sections 102, 103 and/or 112. The '865 is anticipated by, or obvious under, at least: U.S. Patent No. 7,131,136 and U.S. Patent No. 7,411,865, either alone or in combination. The '541 patent is anticipated by, or obvious under, at least: U.S. Patent No. 6,178,141; U.S. Patent No. 6,992,702; and U.S. Patent No. 6,698,021, either alone or in combination. Further, both the '865 patent and the '541 patent are impermissibly indefinite, fail to disclose the best mode, and/or are invalid for lack of enablement.

## FIFTH DEFENSE – WAIVER, ESTOPPEL, LACHES, AND OTHER EQUITABLE CONSIDERATIONS

54.     All of Plaintiff Shotspotter's claims, including those for the alleged infringement of the '865 and '541 patents, and for alleged false advertising, and for alleged unfair competition under New York law, are barred by the doctrines of waiver, estoppel, laches, and other equitable considerations.

## SIXTH DEFENSE – UNCLEAN HANDS

55.     Plaintiff Shotspotter's claims for alleged infringement of the '865 and '541 patents, and for alleged false advertising, and for alleged unfair competition under New York law, and any equitable relief based thereon, are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE – OPINION OR PUFFERY

56.     SDI's communications of allegedly false information to customers and potential customers cannot constitute false advertising because any such alleged statements are no more than statements of SDI's own opinions, or alternatively, comprise immaterial statements of non-actionable puffery, in either event protected commercial speech under the First Amendment of the United States Constitution.

8

## EIGHTH DEFENSE – TRUTH

57.     SDI's alleged statements and alleged communication of information to customers or potential customers cannot constitute false advertising because any and all such alleged statements and communications are in fact true, and/or substantially true and/or not materially misleading.

## NINTH DEFENSE – FAIR USE

58.     SDI's use of the CNN segment on its own website constitutes fair use or nominative use because the segment is merely descriptive of the products and services offered, does not suggest any sponsorship or association, and the use thereof was undertaken in good faith, with no intention to mislead anyone.

## TENTH DEFENSE – LEGAL JUSTIFICATION OR EXCUSE

59.     All actions of Defendant were undertaken in the lawful conduct of its own business, and in the furtherance of its own interests and of lawful competition.  Such actions are proper, legally justified, legally excused, and legally privileged.

## ELVENTH DEFENSE – DAMAGES NOT RECOVERABLE

60.     Damages, if any, suffered by plaintiff are the result of Plaintiffs' own actions, Plaintiffs' own failure to mitigate damages (if any), and of lawful competition, and are not recoverable from this Defendant.

## TWELFTH DEFENSE – PUBLIC POLICY

61.     The injunctive, equitable and other relief sought by Plaintiffs would be anticompetitive, contrary to the public interest and contrary to public policy.

## COUNTERCLAIMS

### First Counterclaim for Declaratory Judgment – '865 Patent

62.    SDI incorporates herein by reference each Defense and all allegations set forth above.

63.    SDI asserts this counterclaim against Shotspotter pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

64.    In its Second Amended Complaint, Shotspotter alleges that SDI is now and has been directly and/or indirectly infringing the '865 patent.

65.    An actual controversy exists between SDI and Shotspotter by virtue of the allegations in Shotspotter's Second Amended Complaint and SDI's answer thereto, as to the validity and non-infringement of the '865 patent.

66.    The '865 patent is invalid and not infringed, as set forth above.

67.    SDI is entitled to a judgment that the '865 patent is invalid and not infringed.

### Second Counterclaim for Declaratory Judgment – '541 Patent

68.    SDI incorporates herein by reference each Defense and all allegations set forth above.

69.    SDI asserts this counterclaim against Shotspotter pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

10

70.    In its Second Amended Complaint, Shotspotter alleges that SDI is now and has been directly and/or indirectly infringing the '541 patent.

71.    An actual controversy exists between SDI and Shotspotter by virtue of the allegations in Shotspotter's Second Amended Complaint and SDI's answer thereto, as to the validity and non-infringement of the '541 patent.

72.    The '541 patent is invalid and not infringed, as set forth above.

73.    SDI is entitled to a judgment that the '541 patent is invalid and not infringed.

### Third Counterclaim - Tortious Interference with Contractual Relationships and Prospective Business Advantage (Against ShotsSpotter, Inc.)

74.    SDI incorporates herein by reference each counterclaim, each defense and each averment above.

75.    SDI asserts this counterclaim solely against Shotspotter, Inc.

76.    Secure Network Systems LLC had been awarded a contract to provide the City of Indianapolis, Indiana with a gun shot detection system.  By contract, SDI was to supply the gun shot detection system in conjunction with a collaborating entity, Secure Network Systems LLC.

77.    SDI was a party to a valid and enforceable contract with Secure Network Systems LLC, to provide the City of Indianapolis, Indiana with a gun shot detection system.

78.    Shotspotter, Inc. wrongfully threatened to assert, and wrongfully filed suit based on, the '865 and '541 patents, intentionally to induce Secure Network Systems LLC to breach its contractual obligations owed to the City of Indianapolis, and to breach

11

its contractual obligations owed to SDI. By reason of Shotspotter, Inc.'s wrongful interference, Secured Network Systems LLC did breach its contractual obligations to SDI, causing injury to SDI.

79.     Prior to the events set forth in paragraphs 75-78, above, Shotspotter, Inc. had knowledge of the existence of a contractual relationship between SDI and Secure Network Systems LLC, and Shotspotter, Inc. had knowledge of the existence of a contractual relationship between Secured Network Systems LLC and the City of Indianapolis.

80.     Whereas the '865 and '541 patents are known by Shotspotter Inc. to be invalid and/or not infringed by SDI, Shotspotter, Inc. had no legal justification or excuse for interfering with the contractual relationship between SDI and Secure Network Systems LLC, or interfering with the contractual relationships between Secured Network Systems LLC and the City of Indianapolis.

81.     Shotspotter, Inc., without legal justification, also intentionally sought out and interfered with the business relationships of SDI, including by making unsubstantiated threats of patent infringement to Sound & Optics Systems, Inc., which threats Shotspotter, Inc. knew at the time were baseless. Shotspotter, Inc. knew at the time that Sound & Optics Systems, Inc. was in a business relationship with SDI and wrongfully made said threats in order to effect the termination of said business relationship.

82.     Shotspotter, Inc., without legal justification, also intentionally sought out and interfered with the business relationships of SDI, including by making unsubstantiated threats of patent infringement to IXP Corp., which threats Shotspotter,

Inc. knew at the time were baseless.  Shotspotter, Inc. knew at the time that IXP Corp.
was in a business relationship with SDI and wrongfully made said threats in order to
effect the termination of said business relationship.

  83. Shotspotter, Inc., without legal justification, also intentionally sought out
and interfered with the business relationships of SDI, including by making
unsubstantiated threats of patent infringement to Volcan Group, Inc. d/b/a NetLogix
(hereinafter "NetLogix"), which threats Shotspotter, Inc. knew at the time were baseless.
Shotspotter, Inc. knew at the time that NetLogix was in a business relationship with SDI
and wrongfully made said threats in order to effect the termination of said business
relationship.

  84. Shotspotter, Inc., without legal justification, also intentionally sought out
and interfered with the business relationships of SDI, including by making
unsubstantiated threats of patent infringement to Tele-Tector of Maryland, Inc., which
threats Shotspotter, Inc. knew at the time were baseless.  Shotspotter, Inc. knew at the
time that Tele-Tector of Maryland, Inc. was in a business relationship with SDI and
wrongfully made said threats in order to effect the termination of said business
relationship.

  85. SDI suffered damages as a result of the breach of said contractual and
other actual and potential business relationships including, but not limited to, the loss of
revenue that SDI would have received in connection with its performances of the contract
to supply a gun shot detection system to the City of Indianapolis and other losses
occurring as a result of Shotspotter, Inc.'s wrongful and legally unjustified acts.

## PRAYER FOR RELIEF

**WHEREFORE**, in SDI prays for judgment:

    A.    That Shotspotter's claims be dismissed with prejudice.

    B.    That judgment be entered in favor of SDI and against Shotspotter for each and every claim asserted by Shotspotter;

    C.    That judgment be entered in favor of SDI and against Shotspotter on the first and second counterclaims, and against Shotspotter, Inc. on the third counterclaim asserted herein;

    D.    That damages be awarded to SDI in an amount sufficient to compensate SDI fully for all damages and losses sustained by SDI resulting from Shotspotter Inc.'s tortious actions in interfering with contractual relationships and prospective business advantage of SDI, and that judgment be entered thereon in favor of SDI in an amount sufficient to compensate SDI fully for all damages and losses sustained;

    E.    For entry of Declaratory Judgment in favor of SDI and against Shotspotter, declaring each and every asserted claim of the '865 and '541 patents invalid and not infringed by SDI;

    F.    For an award to SDI of interest, costs, and attorneys' fees;

    G.    That pursuant to 35 U.S.C. § 285, the Lanham Act, and/or other applicable laws, Shotspotter's conduct be found to render this an exceptional case and that SDI be awarded its attorneys' fees incurred in connection with the defense of Shotspotter's claims, and SDI's prosecution of its counterclaims; and

    H.    For such other and further relief as the Court deems just and proper.

March 25, 2010                    RESPECTFULLY SUBMITTED,

                                  /s/ Stephen B. Mosier

                                  _____

                                  Stephen B. Mosier, Esq.
                                  Norman P. Soloway, Esq.
                                  Robert A. Matson, Esq.
                                  HAYES SOLOWAY P.C.
                                  3450 E. Sunrise Dr. Ste 140
                                  Tucson, AZ 85718
                                  (520)882-7623
                                  (520)882-7643 (facsimile)
                                  smosier@hayes-soloway.com

                                  **_Trial Counsel for Defendant_**
                                  **_Safety Dynamics, Inc._**

                                  Leo G. Kailas, Esq.
                                  Jocelyn Jacobson, Esq.
                                  Reitler, Kailas & Rosenblatt LLC
                                  885 Third Avenue, 20th Floor
                                  New York, NY 10022
                                  (212) 209-3012
                                  lkailas@reitlerlaw.com

                                  **_Counsel for Defendant_**
                                  **_Safety Dynamics, Inc._**

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SDI hereby demands

a trial by jury on all issues so triable.

March 25, 2010                              RESPECTFULLY SUBMITTED,

/s/ Stephen B. Mosier

_____

Stephen B. Mosier, Esq.
HAYES SOLOWAY P.C.
3450 E. Sunrise Dr. Ste 140
Tucson, AZ 85718
(520)882-7623
(520)882-7643 (facsimile)
smosier@hayes-soloway.com

***Trial Counsel for Defendant***
***Safety Dynamics, Inc.***

Leo G. Kailas, Esq.
Reitler, Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, NY 10022
(212) 209-3012
lkailas@reitlerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2010, I served the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AND DEFENDANT'S COUNTERCLAIMS** upon the following counsel via the ECF filing systems:

Mario Aieta
Justin Klein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY 10169
(212) 818-9200
*Attorneys for Plaintiffs*

/s/ Traci Lopez
On Behalf Of Defendant Safety
Dynamics, Inc.